**Slip Op. 13- 121**

## UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: Nicholas Tsoucalas, Senior Judge**

|  |  |
|---|---|
| QINGDAO MAYCARRIER IMPORT & EXPORT CO., LTD., : <br>  : <br> Plaintiff, : <br>  : <br> v. : <br>  : <br> UNITED STATES, : <br>  : Court No.: 13-00142 <br> Defendant, : <br>  : <br> and : <br>  : <br> CHRISTOPHER RANCH, L.L.C., THE : <br> GARLIC COMPANY, VALLEY GARLIC, : <br> AND VESSEY AND COMPANY, INC., : <br>  : <br> Defendant-Intervenors. : <br>  : |  |

## **OPINION and ORDER**

**Held**: Defendant's motion to dismiss paragraph thirty-one of plaintiff's complaint is granted.

Dated: September 16, 2013

Hume & Associates LLC (Robert T. Hume) for Qingdao Maycarrier Import & Export Co., Ltd., Plaintiff.

Stuart F. Delery, Acting Assistant Attorney General; Jeanne E. Davidson, Director, Claudia Burke, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Melissa M. Devine); Office of the Chief Counsel for Import Administration, United States Department of Commerce, George H. Kivork, Of Counsel, for the United States, Defendant.

**Tsoucalas, Senior Judge**: Defendant United States Department of Commerce ("Commerce") moves to dismiss paragraph thirty-one of count two of plaintiff Qingdao Maycarrier Import & Export Co., Ltd.'s ("Maycarrier") complaint. See Def.'s Mot. Dismiss ("Def.'s

Mot."). Maycarrier's complaint contests Commerce's decision to rescind its new shipper review ("NSR") in Fresh Garlic From the People's Republic of China: Final Rescission of Antidumping Duty NSRs; 2010-2011, 78 Fed. Reg. 18,316 (Mar. 26, 2013) ("Final Rescission"). See Compl., Court No. 13-00142, ECF No. 7 at 1–2 (Apr. 17, 2013). Paragraph thirty-one concerns Maycarrier's request to participate in the 2010-2011 antidumping duty administrative review of fresh garlic from the People's Republic of China ("2010-2011 ADAR") and Commerce's denial of that request. Id. at 7. Commerce argues that the Court lacks subject matter jurisdiction over paragraph thirty-one because it concerns an administrative review other than the Final Rescission. See Def.'s Mot. at 1. Maycarrier opposes this motion. See Pl.'s Opp'n Def.'s Mot. Dismiss at 1 ("Pl.'s Opp'n"). For the following reasons, Commerce's motion is granted.

## BACKGROUND

Pursuant to a request by Maycarrier, Commerce initiated a NSR of Maycarrier's sales of fresh garlic from the People's Republic of China ("PRC") covering the period between November 1, 2010 and October 31, 2011. See Fresh Garlic From the PRC: Initiation of NSRs, 77 Fed. Reg. 266, 266–67 (Jan. 4, 2012). Maycarrier also requested an administrative review of its sales as part of the 2010-2011 ADAR, see Pl.'s Opp'n at 2, but Commerce did not select Maycarrier as a respondent. See id.; Initiation of Antidumping and

**Court No. 13-00142**                                                                                                    **Page 3**

<u>Countervailing Duty Administrative Reviews and Request for Revocation in Part</u>, 76 Fed. Reg. 82,268, 82,271–73 (Dec. 30, 2011).

On March 26, 2013, Commerce rescinded the NSR because Maycarrier did not qualify as a new shipper. <u>See</u> <u>Final Rescission</u>, 78 Fed. Reg. at 18,317. Commerce noted that Maycarrier's entries would be "assessed at the PRC-wide rate," which would be determined in the final results of the 2010-2011 ADAR. <u>Id.</u>

On April 8, 2013, Maycarrier filed the instant case to contest the <u>Final Rescission</u>. <u>See</u> Summons, Court No. 13-00142, ECF No. 1 at 2 (Apr. 8, 2013). In its complaint, Maycarrier alleges three counts: (1) Commerce erred in rescinding the NSR; (2) Commerce erred in assigning Maycarrier the PRC-wide rate; and (3) the PRC-wide rate of $4.71/kg is erroneous. <u>See</u> Compl. at 6–8.

On June 17, 2013, Commerce published the final results of the 2010-2011 ADAR, assigning the PRC-wide entity a rate of $4.71/kg. <u>See</u> <u>Fresh Garlic From the PRC: Final Results of Antidumping Duty Administrative Review; 2010-2011</u>, 78 Fed. Reg. 36,168, 36,169 (June 17, 2013).

Commerce now moves to dismiss paragraph thirty-one of Maycarrier's complaint for lack of subject matter jurisdiction. Def.'s Mot. at 1. Paragraph thirty-one states: "Assuming arguendo, that Maycarrier was not qualified for a [NSR], Maycarrier requested to be included in the [2010-2011 ADAR] and Commerce was required to include Maycarrier in the [2010-2011 ADAR]." Compl. at 7.

**STANDARD OF REVIEW**

"Subject matter jurisdiction constitutes a 'threshold matter' in all cases, such that without it, a case must be dismissed without proceeding to the merits." Demos v. United States, 31 CIT 789, 789 (2007) (not reported in the Federal Supplement) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)). "The burden of establishing jurisdiction lies with the party seeking to invoke th[e] Court's jurisdiction." Bhullar v. United States, 27 CIT 532, 535, 259 F. Supp. 2d 1332, 1334 (2003) (citing Old Republic Ins. Co. v. United States, 14 CIT 377, 379, 741 F. Supp. 1570, 1573 (1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "For the purposes of a motion to dismiss, the material allegations of a complaint are taken as admitted and are to be liberally construed in favor of the plaintiff(s)." Humane Soc'y of the U.S. v. Brown, 19 CIT 1104, 1104, 901 F. Supp. 338, 340 (1995) (citing Jenkins v. McKeithen, 395 U.S. 411, 421–22 (1969)).

**DISCUSSION**

Commerce contends that the Court lacks subject matter jurisdiction over paragraph thirty-one pursuant to 28 U.S.C. §

1581(c) because Maycarrier "failed to follow the statutory procedures insofar as it seeks . . . to challenge Commerce's selection of respondents in the separate [2010-2011 ADAR]."[1] Def.'s Mot. at 5. According to Commerce, paragraph thirty-one does not concern the Final Rescission, but instead addresses Commerce's rejection of Maycarrier's request to participate in the 2010-2011 ADAR. See id. at 4. Because Maycarrier filed its summons and complaint prior to publication of the final results of the 2010-2011 ADAR in the Federal Register, Commerce insists that the Court must dismiss paragraph thirty-one. Id. at 4-7.

Maycarrier responds that it does not have standing to challenge the final results of the 2010-2011 ADAR, and instead included paragraph thirty-one because "Commerce had not only the authority, but also the responsibility, to transfer Maycarrier to the [2010-2011 ADAR] if the [NSR] request was untimely." Pl.'s Opp'n at 8. Essentially, Maycarrier argues that Commerce wrongly applied the PRC-wide rate to Maycarrier upon rescinding the NSR and should have transferred Maycarrier's case, specifically its Section A questionnaire, to the 2010-2011 ADAR to assess Maycarrier's eligibility for a separate rate. See id. at 11-13. Maycarrier insists that the Court has jurisdiction because its Section A

---

[1] Commerce also argues that Maycarrier cannot invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1581(i). See Def.'s Mot. at 7-10. However, Maycarrier does not attempt to invoke section 1581(i) jurisdiction. See Pl.'s Resp. at 11.

questionnaire is on the record of the Final Rescission, and therefore the Court can determine its eligibility for a separate rate based on that record alone. Id. at 9.

Maycarrier also compares its case to Fresh Garlic From the PRC: Final Rescission of NSRs of Jining Yifa Garlic Produce Co., Ltd., Shenzhen Bainong Co., Ltd., and Yantai Jinyan Trading Inc., 76 Fed. Reg. 52,315 (Aug. 22, 2011) ("Jinyan NSR"). See Pl.'s Opp'n at 11–12. In that case, Commerce rescinded Yantai Jinyan Trading Inc.'s NSR, but placed its separate rate application onto the record of a contemporaneous administrative review to which it was already a party. Jinyan NSR, 76 Fed. Reg. at 52,316.

Section 516A(a)(2)(A) of the Tariff Act of 1930[2] requires a party contesting a determination in an administrative review to file a summons within thirty days after publication of the final results of that review in the Federal Register, and to file a complaint within thirty days after the summons. See 19 U.S.C. § 1516a(a)(2)(A). If a party does not satisfy the timing requirements of 19 U.S.C. § 1516a(a)(2)(A), the Court lacks jurisdiction over that party's claim. See NEC Corp. v. United States, 806 F.2d 247, 248 (Fed. Cir. 1986) ("The proper filing of a summons to initiate an action in the Court of International Trade is a jurisdictional requirement."). "Since section 1516a(a)(2)(A)

---

[2] All further references to the Tariff Act of 1930 will be to the relevant provisions of Title 19 of the United States Code, 2006 edition, and all applicable supplements thereto.

specifies the terms and conditions upon which the United States has waived its sovereign immunity in consenting to be sued in the Court of International Trade, those limitations must be strictly observed and are not subject to implied exceptions." Georgetown Steel Corp. v. United States, 801 F.2d 1308, 1312 (Fed. Cir. 1986).

The Court lacks subject matter jurisdiction over paragraph thirty-one insofar as it concerns Commerce's rejection of Maycarrier's request to participate in the 2010-2011 ADAR. See 19 U.S.C. § 1516a(a)(2)(A); NEC Corp. v. United States, 806 F.2d at 248. Maycarrier's argument that paragraph thirty-one relates to a determination on the record of the Final Rescission is unavailing. Although the court is directed to construe the terms of Maycarrier's complaint "liberally," Humane Soc'y, 19 CIT at 1104, 901 F. Supp. at 340 (citing Jenkins, 395 U.S. at 421-22), Maycarrier's argument contradicts the plain language of its complaint. Paragraph thirty-one states that "Maycarrier requested to be included in the [2010-2011 ADAR,] and Commerce was required to include Maycarrier." Compl. at 7. Neither Maycarrier's request to participate in the 2010-2011 ADAR nor the notice Commerce issued initiating the 2010-2011 are on the record of the Final Rescission. See 19 U.S.C. § 1516a(b)(2)(A) (defining the record under review in an administrative proceeding). In contrast, Maycarrier's argument concerns Commerce's application of the PRC-wide rate instead of a separate rate, see Pl.'s Opp'n at 9, 11-13, and thus relates more

**Court No. 13-00142**                                                                                                 **Page 8**

closely to paragraph thirty-two of the complaint. See Compl. at 7 (discussing Maycarrier's eligibility for a separate rate). Because Maycarrier failed to comply with the statutory timing requirements, the court must dismiss paragraph thirty-one. See 19 U.S.C. § 1516a(a)(2)(A); Medline Indus., Inc. v. United States, 37 CIT __, __, 911 F. Supp. 2d 1358, 1361 (2013) (Tsoucalas, J.) (dismissing for lack of subject matter jurisdiction where plaintiff failed to comply with timing requirements of 19 U.S.C. § 1516a(a)(2)(A)).

## CONCLUSION

For the foregoing reasons, Commerce's motion to dismiss is granted. Paragraph thirty-one of Maycarrier's complaint is dismissed without prejudice.

## ORDER

In accordance with the above, it is hereby

**ORDERED** that defendant's motion to dismiss is **GRANTED**; and it is further

**ORDERED** that paragraph thirty-one of plaintiff's complaint is dismissed without prejudice.

                                                   /s/ Nicholas Tsoucalas
                                                          **Nicholas Tsoucalas**
                                                             **Senior Judge**

**Dated: September 16, 2013**
      **New York, New York**